UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL COX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:09-CV-897-M |
| | § | |
| HILCO RECEIVABLES, L.L.C., and | § | |
| CENTRAL CREDIT SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the 12(b)(6) Motions to Dismiss of Defendants Hilco Receivables, L.L.C. and Central Credit Services, Inc. [Docket Entries #33 and #34]. For the reasons stated below, Defendants' Motions are **DENIED IN PART** and **GRANTED IN PART**.

*Background*

In May 2004, Plaintiff Michael Cox purchased a vehicle from Bankston Chevrolet of Dallas, Texas, financing it through a motor vehicle retail installment sales contract ("the Contract") with Wells Fargo. Cox defaulted on the Contract, as a result of which, Wells Fargo repossessed the vehicle and sold it at auction, leaving a deficiency balance. Hilco, a bulk purchaser of debts in default, purchased Cox's deficiency balance, and retained Central to collect the debt. On April 8, 2009, Central sent a letter to Cox, which stated:

> Current Creditor:   HILCO RECEIVABLES
> Orig. Creditor:     Wells Fargo Financial, Inc.
> Account:            50237595014399001
> Balance:            $15,428.12
>
> This claim has been sent to us for collection. Understanding the tough economic times you are experiencing, Hilco Receivables has authorized Central Credit

> Services to negotiate a reasonable offer of settlement. This authority grants us the right to accept settlements that will significantly reduce the amount needed to satisfy your account. Regardless of the amount that is agreed to as full settlement, once paid, your account balance will be settled. It is our goal to assist you in the repayment of your account.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Sincerely,
> Central Credit Services, Inc.
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information shall be used for that purpose.

(Pl.'s Resp. App. Ex. A.)

Cox alleges that Hilco is barred from holding and collecting the debt, because it does not have a license issued under Chapter 348 of the Texas Finance Code, and that, therefore, Defendants' attempt to collect the debt violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (2006), and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392.001 *et seq.* (Vernon 2006). Defendants each move to dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.

*Legal Standard*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(citations omitted).  While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Twombly*, 550 U.S. at 570.  Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief.  *Iqbal*, 129 S. Ct. at 1950.

*Discussion*

Defendants raise three arguments for dismissal of Cox's claims.  First, they argue that Hilco is not required to hold a license under Chapter 348 of the Texas Finance Code, and, therefore, that its failure to do so cannot be the basis for claims under the FDCPA and TDCA.  Second, Defendants argue that even if Hilco were required to hold such a license, its failure to do so, without more, does not constitute a violation of the FDCPA or the TDCA.  Third, Defendants argue that because Hilco did not actually make contact with Cox, but instead hired an independent contractor, Central, for that purpose, Defendants could not have violated the FDCPA or the TDCA because of Hilco's not being licensed.

A.   Texas Finance Code

All of Cox's claims rest on Hilco's failure to hold a license under Chapter 348 of the Texas Finance Code, which regulates motor vehicle installment contracts.  Defendants argue that Hilco was not required by Texas law to hold this license, and therefore, that its failure to do so cannot constitute a violation of the FDCPA or the TDCA.

Under § 348.501 of the Texas Finance Code, "[a] person may not act as a holder under this chapter unless the person: (1) is an authorized lender or a credit union; or (2) holds a license

issued under this chapter." Tex. Fin. Code Ann. § 348.501 (Vernon 2006). Hilco admits that it is not an authorized lender or credit union and that it does not hold a license under Chapter 348. (Hilco's Answer ¶ 7.) According to Cox, because Hilco "may not act as a holder" of the contract under § 348.501, the debt is not owed to Hilco.

Defendants argue that Hilco is not required to hold a license under § 348.501 in order to own Cox's debt because Hilco does not meet the definition of *holder* in § 348.001. In other words, Defendants urge that Hilco is not seeking to "act as a holder" of a retail installment contract, and that, therefore, § 348.501's requirement of a license for an entity to "act as a holder" is inapplicable here.

Under the applicable version of § 348.001, Hilco was a holder of the Contract. At all times relevant to this case, § 348.001 defined *holder* as "(A) a retail seller; or (B) if a retail installment contract or the outstanding balance under the contract is sold or otherwise transferred, the person to whom it is sold or otherwise transferred." Act of June 19, 1997, 75th Leg., R.S., ch. 1008, § 1, sec. 348.001 (amended 2009) (current version at Tex. Fin. Code Ann. § 348.001(3) (Vernon 2006)). Defendants argue that because Hilco purchased only the deficiency due under the Contract after repossession and sale, it is not a holder of a retail installment contract, but only of a right to a deficiency.[1] The statutory language, however, clearly includes in the definition of *holder*, a transferee of "the outstanding balance under the contract." *Id.* As

---

[1] In so arguing, Defendants point to the current definition of *holder*, which became effective September 1, 2009, and states, "Holder means a person who is: (A) a retail seller; or (B) the assignee or transferee of a retail installment contract." Tex. Fin. Code § 348.001(3) (Vernon Supp. 2010). Defendants argue that "the legislature by choosing to rewrite the definition of 'Holder' has clarified that the purchaser of the balance only is not a 'Holder' under the statute, and by extension is therefore not required to be licensed as claimed by the Plaintiff." (Hilco's Mot. 9.; Central's Mot. 9) Even assuming that Hilco would not be a holder as defined in the amended version of the statute, a determination the Court need not make here, the inference Defendants request the Court to draw would in effect make the amendment retroactive. Defendants have cited no authority for the operation of retroactivity here, and the normal rule in Texas is that an amendment is retroactive only when it says so. Tex. Gov't Code Ann. § 311.022 (Vernon 2006) ("A statute is presumed to be prospective in its operation unless expressly made retrospective.").

the purchaser of the deficiency due under the retail installment contract between Cox and Wells Fargo, Hilco is "a person to whom the outstanding balance under a retail installment contract is sold or otherwise transferred." *See id.* Thus, Hilco is a holder as defined in Chapter 348 of the Texas Finance Code, and therefore must either be an authorized lender or credit union, or hold a license issued under Chapter 348 in order to "act as a holder" of Cox's debt.

Having decided that Hilco was required to hold a license under Chapter 348 of the Texas Finance Code, the Court now turns to the question of whether Central's attempt to collect the debt owed by Cox, while Hilco was unlicensed, gives rise to violations of the FDCPA or the TDCA.

B. FDCPA Claim

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e) (2006). There is no dispute that Defendants are both "debt collectors" and that Cox is a "consumer" as those terms are defined by the FDCPA. Thus, the question before the Court is whether Cox's allegations state a claim for relief under the FDCPA.

Cox's FDCPA claims rely on a single factual allegation: that Hilco's representation that Cox's debt was owed to Hilco, when Hilco is barred by law from being a holder of the debt, violates the FDCPA. Specifically, Cox alleges that this misrepresentation violates two sections of the FDCPA. First, Cox alleges violations of § 1692e, which prohibits debt collectors from making false, misleading, or deceptive representations in connection with the collection of a debt. *Id.* § 1692e. Section 1692e also contains a non-exhaustive list of conduct that violates that prohibition. *Id.* § 1692e(1)–(16). Here Cox alleges that Defendants engaged in three types conduct prohibited by § 1692e: the false representation of the character, amount, or legal status of any debt; the threat to take any action that cannot legally be taken or that is not intended to be

taken; and the use of any false representation of deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. *Id.* § 1692e(2), (5), (10). Second, Cox alleges a violation of § 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt. *Id.* § 1692f.[2]

In their Motions to Dismiss, Defendants contend that Hilco's failure to obtain a license does not alone constitute a violation of the FDCPA because violation of state licensing requirements is not a *per se* violation of the FDCPA. Cox responds that his claim is for a misrepresentation, not the lack of the license. In other words, Cox does not argue that Hilco's violation of a state licensing requirement constitutes an automatic violation of the FDCPA. Rather, Cox claims that the collection letter sent by Central contained the misrepresentation that the debt was owed to Hilco when it could not be legally owed to Hilco, and that this misrepresentation violated various sections of the FDCPA.

A review of the cases cited by Defendants demonstrates the importance of this distinction. For instance, in the case on which Defendants principally rely, *Wade v. Regional Credit Association*, 87 F.3d 1098 (9th Cir. 1996), the Ninth Circuit held that the defendant's collection activities in Idaho, where it was not licensed as a debt collector, did not violate subsections (5) and (10) of § 1692e, or § 1692f of the FDCPA. *Id.* at 1100–01. The Idaho licensing statute at issue in *Wade* "prohibits persons from engaging 'either directly or indirectly in this state in the business of collecting or receiving payment for others of any account, bill, claim or other indebtedness' without obtaining a permit." *Id.* at 1100 (citing Idaho Code § 26-2223(2)). Although the defendant's unlicensed collection activities were in violation of state law, the Ninth Circuit held that they were not in violation of the FDCPA. *Id.* In particular, the

---

[2] Although § 1692f also provides a list of specific violative conduct, Cox's Complaint alleges a violation only of the general prohibition.

court held that the collection notice sent by the defendant was not a threat to take action that could not legally be taken under § 1692e(5), but was instead informational, and a notification that the plaintiff's failure to pay could adversely affect her credit reputation. *Id.* Likewise, the court dismissed the plaintiff's claim that the statement that the notice was an attempt to collect a debt was a threat, finding instead that the statement was also informational, and further noted that the failure to state that the notice was an attempt to collect a debt would itself have been a violation of § 1692e(11) of the FDCPA. *Id.* Additionally, the court rejected the plaintiff's claims for misrepresentation under § 1692e(10), because the notice did not contain any representation that the defendant was licensed to collect debts in Idaho. *Id.* Finally, the court rejected plaintiff's § 1692f claim for unconscionable or unfair collection practices, because "the notice was relatively innocuous, and not 'unconscionable' in either the lay or legal sense." *Id.*

Several federal courts have followed *Wade* in rejecting FDCPA claims based on debt collectors' attempts to collect debts in jurisdictions where they are not licensed to do so. *E.g.*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010); *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 209 (E.D.N.Y. 2009); *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293, 1301–03 (M.D. Fla. 2001). Other courts have held to the contrary, finding that an attempt to collect a debt the collector is legally barred from collecting constitutes a threat to take action that cannot be legally be taken, or an unconscionable or unfair means of collecting a debt, or both. *See, e.g.*, *Goins v. JBC & Assocs.*, 352 F. Supp. 2d 262, 271 (D. Conn. 2004); *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471–72 (M.D. La. 1995); *Russey v. Rankin*, 911 F. Supp. 1449, 1459 (D.N.M. 1995); *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1451–52 (D. Nev. 1994); *Gaetano v. Payco of Wis., Inc.*, 774 F. Supp. 1404, 1414–15 (D. Conn. 1990). Neither the Fifth Circuit nor any federal district court in this state has

weighed in on this issue.

Although the cases cited above present an interesting legal question, the facts in this case do not require the Court to attempt to resolve it today. For unlike the plaintiff in *Wade* and in other cases like it, Cox's allegation is not that Hilco lacks a license to collect debts in Texas, but rather that Hilco lacks a license *to hold* the debt, that the letter received by Cox was an attempt by Hilco to collect a debt it was not owed, and that that attempt is a *per se* FDCPA violation.

Turning to Cox's various misrepresentation claims, the Court holds that Cox has stated a claim for relief under FDCPA § 1692e (2) and (10), but not under subsection (5).

Defendants do not dispute that the April 8, 2009 letter from Central to Cox represents that the deficiency due on the Contract is owed to Hilco. Nor do Defendants challenge Cox's assertion that the effect of Hilco's inability to "act as a holder" under Chapter 348 is that Cox's debt is not owed to Hilco.[3] Thus, the question for the Court is whether a debt collector's representation that a debt is owed to it when it in fact is not, amounts to a misrepresentation barred by the FDCPA. By its express terms, § 1692e(2), which prohibits the false representation of the character, amount, or legal status of any debt, bars such a representation. Improperly identifying oneself as the owner of a debt is certainly a misrepresentation of that debt's legal status. *See Evans v. Midland Funding LLC*, 574 F. Supp. 2d 808, 814 (S.D. Ohio 2008) (denying judgment on the pleadings for the defendant on a claim that an attempt to collect a nonexistent

---

[3] Even if Defendants had challenged this allegation, the Court finds that Cox's assertion is correct. Although the effect of Hilco's being barred from "act[ing] as a holder" of a debt is not abundantly clear from the text of the statute, the administrative rules enacted pursuant to that section provide more concrete guidance. Under Texas law, administrative rules have the same force as statutes. *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254–55 (Tex. 1999). The Texas Finance Commission, which is the state agency charged with enforcement of the statute, has issued the following rule based on § 348.501: "A person may not acquire a retail installment contract or an outstanding balance under a retail installment contract unless the person holds a license under Texas Finance Code, Chapter 348 or is exempt from licensing under Texas Finance Code, Chapter 348." 7 Tex. Admin. Code § 84.401(a). According to the Texas Finance Commission's interpretation, the statute's prohibition on acting as a holder under Chapter 348 is a prohibition on actually acquiring the outstanding balance due under a retail installment contract. Hilco cannot be owed a debt it cannot legally acquire.

debt violated § 1692e(2) and (10)). Along the same lines, a letter falsely stating that Hilco is owed Cox's debt, sent in order to collect on that debt, clearly qualifies as the use of a false representation or deceptive means to collect or attempt to collect any debt in violation of § 1692e(10). *See id.*

On the other hand, Cox has not stated a claim under § 1692e(5), which prohibits a debt collector from making threats to take any action that cannot legally be taken or that is not intended to be taken. Section 1692e(5) applies only to threatened action, not to actions already undertaken. *Meroney v. Pharia, LLC*, 688 F. Supp. 2d 550, 554 (N.D. Tex. 2009). The factual allegation in Cox's Complaint to support this claim is that Defendants misrepresented that Cox's debt was owed to Hilco. This allegation does not involve threatened action and the Court sees nothing in the April 8, 2009 letter that it construes as a threat to take any action. Therefore, Cox has not sufficiently pleaded a violation of § 1692e(5), and that claim is **DISMISSED WITH PREJUDICE**.

Cox's claim that, under § 1692f, unfair or unconscionable means were used to collect a debt also fails. A claim of a violation of § 1692f is deficient if it does not identify any misconduct beyond that which the plaintiff asserts violates other provisions of the FDCPA. *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1330 (S.D. Fla. 2009) (citing *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 667 (S.D.N.Y. 2006)). Cox's Complaint and Response are devoid of any specific allegations as to how Defendants' letter amounts to the use of unfair or unconscionable means of collecting a debt. Therefore, Cox's claim under § 1692f is **DISMISSED WITH PREJUDICE**.

  C. TDCA Claim

The FDCPA and the TDCA are very similar. *See Bullock v. Abbott & Ross Credit Servs.,*

*L.L.C.*, No. A-09-CV-413 LY, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009) ("The same actions that are unlawful under the FDCPA are also unlawful under the TDCA."); *Prophet v. Myers*, 645 F. Supp. 2d 614, 617 (S.D. Tex. 2008). The TDCA provides a state law cause of action for wrongful debt collection. *See generally Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 840 (S.D. Tex. 2009). It governs collections of "consumer debts" by "debt collectors." Tex. Fin. Code § 392.001 (Vernon 2006). Cox alleges that under Texas law, Defendants are "debt collectors," which engaged in the practice of "debt collection," and Defendants do not dispute this in their Motions to Dismiss.[4]

Texas law forbids a debt collector from using a "fraudulent, deceptive, or misleading representation that employs" certain listed practices. *Id.* § 392.304(a). Unlike the FDCPA, the list of violative practices in the TDCA is expressly exhaustive. *Id.* Cox alleges that Defendants engaged in two practices prohibited by § 392.304(a) of the TDCA: the prohibition in subsection (8) against misrepresenting the character, extent, or amount of a consumer debt; and the prohibition in subsection (19) against using any other false representation or deceptive means to collect a debt. *Id.* § 392.304(a)(8), (19). As with his FDCPA claim, Cox asserts that Defendants' representation that the debt is owed to Hilco, when Hilco is barred from being a holder of the debt, violates those prohibitions of the TDCA. *Id.* For a statement to constitute a misrepresentation under the TDCA, Defendants "must have made a false or misleading assertion." *Reynolds v. Sw. Bell Tele., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *7 (N.D. Tex. June 24, 2009).

---

[4] "'Debt collection' means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code Ann. § 392.001(5) (Vernon 2006). "'Debt collector' means a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." *Id.* § 392.001(6).

Defendants make no arguments for dismissal of Cox's TDCA claims independent of those made for dismissal of his FDCPA claims. The sections of the TCDA that Cox alleges the Defendants violated prohibit the same conduct as the sections of the FDCPA that the Court has found to be sufficiently alleged in Cox's Complaint. *Compare* 15 U.S.C. § 1692e(2), (10), *with* Tex. Fin. Code § 392.304(a)(8), (19); *see Prophet*, 645 F. Supp. 2d at 617 n.3. Therefore, for the same reasons that the Court denies Defendants' Motions as to those FDCPA claims, it declines to dismiss Cox's claims under the TDCA.

### D.   Hilco's Vicarious Liability

Defendants also argue that even if the letter sent to Cox violated the FDCPA or TDCA, Hilco cannot be held liable for the representations made therein because Hilco never itself contacted Cox, but instead hired Central as an independent contractor to collect the debt.

Although the Fifth Circuit has not considered this issue, Cox cites the Third Circuit's opinion in *Pollice v. National Tax Funding*, 225 F.3d 379 (3d Cir. 2000), in support of his position. In *Pollice*, the Third Circuit held that a party which met the definition of debt collector may be held vicariously liable for the collection activity of the company hired by that party to collect its debt. *Id.* at 405. The court found this to be "a fair result because an entity that is itself a 'debt collector'—and hence subject to the FDCPA—should bear the burden of monitoring the activities of those it enlists to collect debt on its behalf." *Id.* Other courts outside the Third Circuit have adopted the reasoning of *Pollice*. *See Schultz v. Arrow Financial Services, LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006); *Nelson v. Cavalry Portfolio Services, LLC*, No. 09-cv-0677-PAB-MJW, 2010 WL 1258045, at *2 (D. Colo. March 24, 2010).

The Court agrees with the reasoning of the Third Circuit in *Pollice*, and joins the other courts that have adopted it. Thus, Hilco is liable for the actions of Central in collecting the debt,

and the Court sees no reason why the same approach should not apply to similar claims under the TDCA.  Because Hilco does not dispute that it meets the definition of debt collector under both statutes, it may be held vicariously liable for the representations made by Central in its letter to Cox.

*Conclusion*

For the reasons stated above, Hilco's and Central's Motions to Dismiss are **GRANTED IN PART** and **DENIED IN PART**.  They are granted as to Cox's FDCPA claims under §§ 1692e(5) and 1692f, and those claims are **DISMISSED WITH PREJUDICE**.  They are denied as to Cox's remaining claims under the FDCPA and all of his claims under the TDCA.

**SO ORDERED**.

November 24, 2010.

*[signature]*

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**